HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BALLARD MARINE CONSTRUCTION, INC., <br><br> Plaintiff, <br><br> v. <br><br> EHW CONSTRUCTORS, <br><br> Defendant. | CASE NO. C16-5633-RBL <br><br> ORDER DENYING MOTION TO DISMISS |

THIS MATTER is before the Court on Defendant EHW's Motion to Dismiss [Dkt. #15]. EHW argues that, notwithstanding the Federal Rules of Civil Procedure, the parties' contract required Plaintiff Ballard to "plead and prove" in its initial pleading that it complied with all contractual notice provisions. It argues that the contract required "strict compliance" and that the result of Ballard's failure is the waiver of its claim. It asks the Court to dismiss the complaint, with prejudice and without leave to amend.

Ballard argues that the motion is a waste of time: the contract does not require the level of detail EHW claims, or include the punitive remedy it seeks; any failing is technical and remediable, and Ballard can (and therefore should be permitted to) amend its complaint. It also argues that EHW controlled all of the documents related to the underlying (military) construction

project, and that it did not know about one of the terms which apparently caused delays (and claims) until two years after the contract was signed.

Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *See Aschcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Although the Court must accept as true the Complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat a Rule 12(c) motion. *Vazquez v. L. A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnotes omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*).

Rule 12(c) is "functionally identical" to Rule 12(b)(6), and the same standard of review applies to motions under either rule. *See Cafasso, U.S. ex rel., v. General Dynamics C4 Systems, Inc.*, 647 1047, 1054-55 (9th Cir. 2011) (internal citations omitted). The inquiry is whether the complaint's factual allegations, together with all reasonable inferences, state a plausible claim for relief.

On a 12(b)(6) motion, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990). However, where the facts are not in dispute, and the sole issue is whether there is liability as a matter of substantive law, the court may deny leave to amend. *Albrecht v. Lund*, 845 F.2d 193, 195–96 (9th Cir. 1988).

Under this authority, and for the reasons outlined in Ballard's response, the Motion to Dismiss with prejudice and without leave to amend is **DENIED**. Ballard shall file an amended complaint addressing the claimed deficiencies within 21 days of this order.

IT IS SO ORDERED.

Dated this 21st day of December, 2016.

Ronald B. Leighton
United States District Judge