UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BALLARD MARINE CONSTRUCTION, INC., <br><br> Plaintiff, <br><br> v. <br><br> EHW CONSTRUCTORS, a Joint Venture; SKANSKA USA CIVIL, INC.; AMERICAN BRIDGE COMPANY; and NOVA GROUP, INC., <br><br> Defendants. | The Honorable Ronald B. Leighton <br><br> No. 3:16-cv-05633-RBL <br><br> STIPULATED MOTION TO SEAL CONTROLLED NUCLEAR INFORMATION AND ORDER THEREON |

## I. CLERK'S ACTION REQUESTED

The Clerk is requested to replace Dkt. #25 in this cause of action and all attachments thereto with the redacted version of Dkt. #25 attached to the Declaration of Scott MacDonald filed herewith as Exhibit B. The Clerk is further requested to redact Exhibit A to the Declaration of Scott MacDonald from the public record, and retain the unredacted version of Exhibit A under seal.

## II. RELIEF REQUESTED

Defendant EHW Constructors ("EHW") and Plaintiff Ballard Marine Construction, Inc. ("BMC") respectfully request that this Court replace BMC's Motion

STIPULATED MOTION AND ORDER TO SEAL
CONTROLLED NUCLEAR INFORMATION – 1

166964.1 | 100482.11 | 6266376.1



for Partial Summary Judgment and attachments filed thereto (Dkt. #25) with the redacted version of Dkt. #25 attached as Exhibit B to the Declaration of Scott MacDonald filed herewith, as well as redact Exhibit A to the Declaration of Scott MacDonald from the public record while retaining the unredacted version of Exhibit A under seal.

The Prime Contract documents at issue in this dispute have been designated by the United Stated Department of Defense ("DoD") as Unclassified Controlled Nuclear Information ("UCNI") pursuant to 10 U.S.C. § 128 and 32 CFR § 223.6. Portions of the Prime Contract are excerpted in part and attached in full at Dkt. #25. The Declaration of Scott MacDonald filed herewith also appends a portion of the Prime Contract, attached as Exhibit A. UCNI material can only be accessed by United States citizens after signing a certificate of non-disclosure, and may not be posted on-line for viewing by the general public. Decl. of Scott MacDonald ("MacDonald Decl."), Ex. A at Section 00800(7.1).

## II. STATEMENT OF FACTS

### A. UCNI Designation.

The construction Project at issue in this matter is the MCON P-990 Explosives Handling Wharf project. The Prime Contract states that the Project is classified as DoD UCNI. MacDonald Decl., Ex. A § 00800(7.1). Accordingly, access to Prime Contract documents is restricted to "United States Citizens with a need-to-know" and requires the signing of a certificate of non-disclosure. *Id.* The Subcontract references the UCNI designations and protections required thereby.[1] UCNI materials cannot be placed online or in the public domain for unrestricted access by the general public.

---

[1] Dkt. #15-1 (the "Subcontract") Appx. A "General Requirements" ¶ 19.

STIPULATED MOTION AND ORDER TO SEAL
CONTROLLED NUCLEAR INFORMATION – 2
166964.1 | 100482.11 | 6266376.1



### III. ISSUES PRESENTED

Whether Dkt. #25 and Exhibit A to the Declaration of Scott MacDonald filed herewith should be sealed to avoid dissemination of UCNI materials.

### IV. EVIDENCE RELIED UPON

Plaintiff and Defendant jointly rely upon the pleadings and filings on record and the Declaration of Scott MacDonald filed herewith.

### V. ARGUMENT AND AUTHORITY

**A. Standard and Justification to Seal.**

LCR 5(g) recognizes the "strong presumption of public access to the court's files." To override the presumption, a party must cite a "statute, rule, or prior court order expressly authoriz[ing]" the document to be filed under seal," and provide "a specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of: (i) the legitimate . . . public interests that warrant the relief sought; (ii) the injury that will result if the relief sought is not granted; and (ii) why a less restrictive alternative to the relief sought is not sufficient." LCR 5(g)(3)(B).

*i. Statute or Rule Authorizing Sealing*

Congress granted the DoD authority to designate certain sensitive nuclear-related documents as UCNI to keep them from public access. 10 U.S.C. § 128. The DoD exercised that statutory grant of authority to enact 32 CFR § 223.6, promulgating standards for the use of its regulatory authority in designating UCNI. Under this statutory and regulatory authority, DoD declared all Prime Contract documents related to the Project at issue to be UCNI, and by that determination ruled that such materials must be withheld from public access. MacDonald Decl., Ex. A at Section 00800(7.1).

That same grant of authority justifies and necessitates the sealing of Dkt. #25 and the Declaration of Scott MacDonald filed herewith.

  *ii.* *Applicable Legal Standard*

As Dkt. #25 is a dispositive motion, the applicable legal standard is the "compelling reasons" standard. *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096-97 (9th Cir. 2016). Under the "compelling reasons" standard, a court may seal records when it finds "a compelling reason and articulates the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* (internal citations omitted throughout). "What constitutes a compelling reason is best left to the sound discretion of the trial court." *Id.* Here, there is a compelling reason to seal UCNI documents in light of Congress's acknowledgement and DoD's finding as to the specific documents sought to be sealed that "unauthorized dissemination of [the Prime Contract Documents] could reasonably be expected to result in a significant adverse effect on the health and safety of the public or the common defense and security" by "significantly increasing the likelihood of (i) illegal production of nuclear weapons, or (ii) theft, diversion, or sabotage of nuclear materials, equipment, or facilities." 10 U.S.C. § 128(a)(4)(B); 32 CFR § 223.6. Such heightened concerns over nuclear and national security serve as a compelling reason to seal the requested documents.

  *iii.* *Reasons for Sealing the Requested Documents per LCR 5(g)(3)(B)*

First, legitimate public interests warrant sealing the requested documents. Congress delegated authority to the DoD to determine what materials constitute UCNI. 10 U.S.C. § 128(a)(1). The DoD and Department of the Navy determined that the Prime Contract documents are UCNI materials. By virtue of that determination, the DoD necessarily determined that "unauthorized dissemination of such information could reasonably be expected to result in a significant adverse effect on the health and

safety of the public or the common defense and security . . . ." 10 U.S.C. § 128(a)(4)(B). Thus, sealing the unauthorized dissemination of UCNI materials is necessary to protect the health and safety of the public, thereby serving the legitimate public interest. LCR 5(g).

Second, by classifying the Prime Contract documents as UCNI, the DoD necessarily determined the injury that would result from unauthorized dissemination of such materials. Specifically, unauthorized dissemination "significantly increase[es] the likelihood of (i) illegal production of nuclear weapons, or (ii) theft, diversion, or sabotage of nuclear materials, equipment, or facilities." 10 U.S.C. § 128(a)(4)(B). Such injury is sufficiently serious to override the presumption of public access to these materials. LCR 5(g).

Finally, the redacted version of Dkt. #25 and redacting Exhibit A to the Declaration of Scott MacDonald from the public record represent the least restrictive method of meeting UCNI standards. Redaction occurs in the proposed document only where provisions of the Prime Contract are attached or excerpted in full. There is no lesser alternative to redaction authorized in these court rules or by the DoD, therefore these documents must either be placed into the public record in full, or redacted as presented in this stipulated motion.

It should be noted that sealing the requested materials will not unduly restrict the Parties' ability to argue their respective cases or otherwise cite or rely upon the Prime Contract Documents, and there are no First Amendment concerns attached to the sealing of these documents. At the same time, sealing the Plaintiff's Motion will not unduly burden the public's interest in the open administration of justice, as the other filings relevant to the dispositive Motion, including facts and legal authority in response and reply thereto, remain unsealed and open for public review.

STIPULATED MOTION AND ORDER TO SEAL
CONTROLLED NUCLEAR INFORMATION – 5
166964.1 | 100482.11 | 6266376.1



## VI. CONCLUSION

For the foregoing reasons, EHW and BMC jointly request that the Court seal the un-redacted version of Dkt. #25 and its attachments, to be replaced in the public record with the redacted version at Exhibit B to the Declaration of Scott MacDonald, as well as redact Exhibit A to the Declaration of Scott MacDonald filed herewith from public record, as requested above.

## VII. CERTIFICATION PURSUANT TO LCR 5(g)(3)(a)

By signing below, both Parties' certify that they met and conferred on October 26, 2017 by email between Dan A. Brown, Meredith E. Dishaw, James R. Lynch, and Scott D. MacDonald, and again on November 10, 2017 by telephone between Meredith E. Dishaw, James R. Lynch, and Scott D. MacDonald, and reached agreement on the need to redact portions of Dkt. #25 and Exhibit A to the Declaration of Scott MacDonald filed herewith. The Parties' agreement is embodied in this Stipulated request, and the requested relief represents what the Parties believe is the least amount of material that can be filed under seal.

RESPECTFULLY SUBMITTED this 15th day of December, 2017.

**AHLERS CRESSMAN & SLEIGHT PLLC**

By: */s/James R. Lynch*
John P. Ahlers, WSBA #13070
John.ahlers@acslawyers.com
James R. Lynch, WSBA #39274
james.lynch@acslawyers.com
Scott D. MacDonald, WSBA #51192
scott.macdonald@acslawyers.com
Ahlers Cressman & Sleight PLLC
999 Third Avenue, Suite 3800
Seattle, WA 98104
Phone: (206) 287-9900
Fax: (206) 287-9902
Attorneys for Defendants

**WILLIAMS, KASTNER & GIBBS PLLC**

By: */s/Daniel A. Brown*
per email authorization
Daniel A. Brown, WSBA #22028
dbrown@williamskastner.com
Meredith E. Dishaw, WSBA #43206
mdishaw@williamskastner.com
Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
Phone: (206) 628-6600
Fax: (206) 628-6611
Attorneys for Plaintiff

STIPULATED MOTION AND ORDER TO SEAL
CONTROLLED NUCLEAR INFORMATION – 6
166964.1 | 100482.11 | 6266376.1



# VIII. ORDER

This matter having come before the Court upon the above Stipulated Motion of the Parties, and with the Court having reviewed the Stipulated Motion and the records and files herein, and otherwise deeming itself fully advised in the premises, it is now, therefore,

ORDERED, ADJUDGED AND DECREED that, pursuant to LCR 5(g), Dkt. #25 and the attachments thereto shall be replaced in the public record with the redacted version of Dkt. #25 attached as Exhibit B to the Declaration of Scott MacDonald, that the unredacted version of Dkt. #25 shall be kept for the Court's eyes only, and the redacted version of the Declaration of Scott MacDonald shall be filed in the public record under seal.

DONE IN OPEN COURT this 21st day of December, 2017.

_____
Ronald B. Leighton
United States District Judge

Jointly Presented By;
Notice of Presentation Waived:

**AHLERS CRESSMAN & SLEIGHT PLLC**      **WILLIAMS, KASTNER & GIBBS PLLC**

By: */s/James R. Lynch*                  By: */s/Daniel A. Brown*
    John P. Ahlers, WSBA #13070          per email authorization
    James R. Lynch, WSBA #39274          Daniel A. Brown, WSBA #22028
    Scott D. MacDonald, WSBA #51192      Meredith E. Dishaw, WSBA #43206
    Ahlers Cressman & Sleight PLLC       Williams, Kastner & Gibbs PLLC
    999 Third Avenue, Suite 3800         601 Union Street, Suite 4100
    Seattle, WA 98104                    Seattle, WA 98101-2380
    Phone: (206) 287-9900                Phone: (206) 628-6600
    Fax:   (206) 287-9902                Fax:   (206) 628-6611
    Attorneys for Defendants             Attorneys for Plaintiff

