HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BALLARD MARINE CONSTRUCTION, INC.,

Plaintiff,

v.

EHW CONSTRUCTORS, a joint venture, et al.,

Defendant.

CASE NO. 3:16-cv-05633-RBL

ORDER ON DEFENDANT'S MOTION TO EXCLUDE DR. GERALD H. WILLIAMS' DISCLOSURE REPORT AND PRECLUDE TESTIMONY

DKT. #82

THIS MATTER is before the Court on Defendant EHW Constructors' Motion to Exclude Dr. Gerald H. Williams' Disclosure Report and Preclude Testimony. Dkt. #82. Plaintiff Ballard Marine Construction, Inc. identified Williams as an expert witness and supplied his disclosure report to EHW on December 19, 2018, the deadline for experts and their reports. *See* Dkt. #58. EHW did not attempt to meet and confer with Ballard and proceeded to file this Motion on January 3, 2019. *See* Dkt. #85, at 2.

EHW argues that Dr. William's written disclosure fails to provide an adequate written report consistent with Fed. R. Civ. P. 26(a)(2)(B). EHW also contends that it is materially prejudiced by Ballard's failure to provide a written report for Dr. Williams by the expert discovery deadline because EHW is required to supply its rebuttal report within 30 days.

ORDER ON DEFENDANT'S MOTION TO EXCLUDE DR. GERALD H. WILLIAMS' DISCLOSURE REPORT AND PRECLUDE TESTIMONY - 1

Ballard responds that Dr. Williams' written report satisfies the requirements of Rule 26(a)(2)(B) because it briefly states the expert's opinions and the basis for them. In the alternative, if the report is deficient, Ballard contends that it should be allowed to provide supplemental information because the trial date in June means that EHW would not be prejudiced.

Rule 26 requires that parties disclose the identity of any expert witness they may use at trial. Rule 26(a)(2)(B) explains that the disclosure must be accompanied by a "written report-- prepared and signed by the witness--if the witness is one retained or specially employed to provide expert testimony in the case." The report must contain the following: "(i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case." Fed. R. Civ. P. 26(a)(2)(B).

The parties are required to comply with court-set deadlines in making expert disclosures. Rule 37(c)(1) provides that a party who fails to timely identify a witness or provide information is barred from presenting the same at trial unless the failure "was substantially justified or is harmless." The burden is on the party facing sanctions to prove that either of these excuses applies. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001). Trial courts have "particularly wide latitude" to issue sanctions under Rule 37(c)(1) when a party fails to adhere to discovery requirements. *Id*. at 1106.

1    Here, Dr. Williams' description of his opinions, reasons, and the data he considered is
2    brief, taking up only about half a page. *See* Dkt. #83, Ex. 1, at 12. Williams summarizes his
3    "opinions offered in the case" with one sentence: "Ballard Marine's labor productivity was
4    impacted on the job based on Measured Mile Analysis, using a K-2 Clustering Model of the
5    contemporaneous production data collected by Ballard." *Id*. He then lists five bulleted pieces of
6    "data or other information" that he relied on: "Ballard Marine's production reports," "Daily
7    Reports," "Payroll Records," "Project Plans and Specifications," and "Interviews with project
8    and corporate staff." *Id*. Finally, the report also states, "All exhibits used at trial will be
9    graphically demonstrative of the Measured Mile Analysis."

    EHW is correct that Williams' written report fails to satisfy the requirements of Rule
26(a)(2)(B)(i), (ii), & (iii). While the report give a conclusory description of the types of method
and data that support Williams' conclusions, it contains no specifics about how that method and
data were applied. This is inadequate under Rule 26. *See Avocent Redmond Corp. v. Rose Elecs.*,
No. C06-1711RSL, 2013 WL 12121578, at *2 (W.D. Wash. Mar. 8, 2013) (concluding that a
report "may be deficient" under Rule 26 for providing only a "general description of [the
expert's] methods rather than the basis and reasons for each opinion."); *Sierra Club, Lone Star
Chapter v. Cedar Point Oil Co. Inc.*, 73 F.3d 546, 571 (5th Cir. 1996) (pointing out that the
advisory notes to Rule 26 state that reports must be "detailed and complete," and upholding the
district court's exclusion of experts whose reports contained only one or two paragraphs stating
their opinions).

    However, Ballard is correct that the June 17 trial date in this case means EHW has not yet
suffered harm because of Ballard's insufficient disclosure. Although Rule 26(a)(2)(D)(ii)
provides that a party has 30 days after the date of another party's disclosure to submit rebuttal

evidence, this deadline is contingent on the Court's schedule. There is still enough time for Ballard to supplement Williams' written report and for EHW to provide its rebuttal expert disclosures without moving the trial date. Given that excluding Williams' entire testimony at trial would be a somewhat draconian measure, the Court will allow Ballard a chance to supplement Williams' written report to conform to the requirements of Rule 26.

EHW's decision to move for sanctions before ever attempting to meet and confer or file a motion to compel also influences the Court's decision to allow Ballard to supplement. *See Avocent Redmond*, 2013 WL 12121578, at *2. Instead of exploring these less punitive and likely more effective avenues, EHW immediately reached for the nuclear option. While EHW had a sound basis to object to Ballard's inadequate report, it did not have reason to suspect Williams' opinions on a substantive basis. Indeed, this problem may have already been solved if EHW had opted to engage with Ballard instead of appealing to the Court for help.

Although Ballard will be allowed to supplement Williams' written report, the Court disapproves of Ballard's attempt to provide an entirely conclusory report. The advisory notes to Rule 26 state that an expert's written report must include "any material considered by the expert, from whatever source, that contains factual ingredients." This means that the written report must disclose the specific data considered by Williams, not just a vague description of the types of information he considered. The latter is almost useless on its own. In addition, the report must explain the "basis and reasons" for Williams' opinion, not merely identify of the method he employed.

Ballard must provide a supplemental written report satisfying these requirements within 21 days of the Order. EHW will then have 30 days from the date Ballard supplies their supplemental report to disclose its rebuttal expert(s) and expert rebuttal report(s). *See* Fed. R.

Civ. P. 26(a)(2)(D)(ii). Although the discovery cut-off recently passed, if either of the parties wish to depose the opposing party's expert before trial, the Court will provide them an opportunity to do so if they request it promptly after the opposing party's disclosure.

      IT IS SO ORDERED.

      Dated this 22nd day of February, 2019.

*Ronald B. Leighton*
Ronald B. Leighton
United States District Judge