1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BALLARD MARINE
CONSTRUCTION, INC.,

                    Plaintiff,

        v.

EHW CONSTRUCTORS, a joint
venture, et al.,

                    Defendant.

CASE NO. 3:16-cv-05633-RBL

ORDER ON MOTION FOR
PROTECTIVE ORDER

## INTRODUCTION

THIS MATTER is before the Court on Defendant EHW Constructors' Motion for Protective Order Striking Plaintiff's Noted Fed. R. Civ. P. 30(b)(6) Deposition. Dkt. #96. On February 11, 2019, Ballard noted a deposition for February 19, the discovery cutoff date. EHW now requests that the Court strike this deposition for untimely notice. For the reasons explained below, the Court DENIES EHW's Motion.

## BACKGROUND

In this tale of petty discovery squabbles, neither side is blameless. This case was filed in June of 2016 and removed to federal court in July. Dkt. #1. Since then, discovery has been extended twice; once by stipulation, and once unilaterally by Ballard with EHW's acquiescence.

Dkt. #39; Dkt. #53. According to the Declaration of Erin Varriano, Ballard's attorney, Ballard served its first set of Interrogatories and Requests for Production on June 25, 2018. Dkt. #102, at 1. EHW's August response to Ballard's discovery requests appears to have been heavy on objections and light on substance, including substance in the form of produced documents. *Id.*

In light of this, Ballard requested a discovery conference, which was held on January 18, 2019. At the conference, the parties discussed the shortcomings of EHW's discovery response. *Id.* at 2. Then, according to Varriano, she informed MacDonald that Ballard would need to take depositions, including a Rule 30(b)(6) deposition of EHW. *Id.* at 3. EHW denies that Varriano expressed "any cognizable intent to take depositions" during the discovery conference. Dkt. #103, at 6.

Varriano was out of state for personal reasons for some of the time immediately after the conference. Dkt. #102, at 3. When she returned on Monday, February 11, at 5:04 PM she emailed MacDonald with an attached Notice of 30(b)(6) Deposition. Dkt. #97, Ex. 1. The notice scheduled the deposition for February 19, the discovery cutoff date. It also expressed Ballard's willingness to alter the date and time. Given that the notice was sent late in the afternoon, EHW had eight calendar days and five business days to prepare for the deposition. As EHW points out, it happened to be snowing on February 11 in the Puget Sound. Dkt. #96, at 4-5.

The notice provided that Ballard intended to depose the four corporate defendants: EHW Constructors, Skanska USA Civil Inc., American Bridge Company, and Nova Group, Inc. Dkt. #97, Ex. 1. The notice also identified eleven broad topics for the deposition, including the negotiation of the subcontract, access to documents, operations and management at the project site, and EHW's alleged defenses. *Id.*

EHW did not respond to the deposition notice until February 14, when it sent Ballard a letter arguing that the notice was deficient. Dkt. #97, Ex. 2. The letter also contained what amounted to a counteroffer agreeing to let both parties hold a 30(b)(6) deposition after the discovery cutoff date. *Id*. On February 15, the parties conferred over the telephone and Ballard rejected EHW's proposition. Dkt. #96, at 5-6. Instead, Ballard suggested continuing the case and moving the trial date back. In lieu of this, Ballard proposed scheduling a Local Rule 16 conference with the Court rather than engaging in motion practice. EHW rejected these ideas and filed this Motion on February 19. Minutes after filing its motion for protective order on February 19, EHW produced 600,000 pages of documents that had not previously been provided in response to the June discovery request. Dkt. #104, Ex. 1.

**DISCUSSION**

Under Rule 30, "A party who wants to depose a person must give reasonable written notice to every other party." Fed. R. Civ. P. 30(b)(1). "What constitutes reasonable notice depends on the circumstances of each case." *Gamboa v. King Cty.*, No. C06-1034RSM, 2008 WL 509324, at *1 (W.D. Wash. Feb. 22, 2008). "Commonly, courts find that notice of at least five days is sufficient for a party's deposition." *Id.*; *Leitzke v. Nicole*, No. C15-439 TSZ, 2016 WL 1687963, at *4 (W.D. Wash. Apr. 27, 2016). However, what constitutes reasonable notice may vary depending on the complexity of the case and number of depositions requested. *See Doe v. Trump*, 329 F.R.D. 262 (W.D. Wash. 2018) (holding that 21 days before the discovery cutoff was a reasonable notice for two individual depositions and two Rule 30(b)(6) depositions); *Kilby v. CVS Pharmacy, Inc.*, No. 09CV2051-MMA(KSC), 2017 WL 1682695, at *1 (S.D. Cal. Apr. 26, 2017); (holding that ten calendar days was insufficient notice given the "number and scope of topics included in the . . . [n]otice); *Meeks v. Nunez*, No. 13CV973-GPC(BGS), 2016 WL

2931097, at *2 (S.D. Cal. May 19, 2016) (holding that two calendar days was unreasonable). "An obvious fact to be considered is the time between the notice and the deposition, with an eye toward preparation and travel." *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 320, 327 (N.D. Ill. 2005).

Although Ballard's deposition notice came late in the litigation, "the 'eleventh hour' of a discovery period is still within the discovery period, and there is no basis for denying a discovery request simply because it is served toward the end of the designated period." *Doe*, 329 F.R.D. 262. Notice of eight calendar days and five business days minimally satisfied Rule 30's reasonableness requirement. *See Gamboa*, 2008 WL 509324, at *1; *Leitzke*, 2016 WL 1687963, at *4. The topics proposed for the deposition were expansive, but not so expansive as to make preparation impossible.

EHW's arguments to the contrary do not stand up to close scrutiny. EHW makes much of the "historic snowstorms" underway when Ballard provided notice. However, the existence of snow does not automatically alter the business schedule. Many Seattle businesses stayed open during the snow and there is no reason EHW's firm could not have done the same. EHW's insistence that Ballard sought to depose "four foreign entities" is similarly unpersuasive. As the First Amended Complaint makes clear, EHW is a joint venture *comprised of* the other three defendants: Skanska, American Bridge, and Nova. Deposing EHW therefore necessitated deposing the other defendants. And while the defendants are technically "foreign corporations," where a corporation is registered or headquartered often means little about where their representatives are located. When it comes to providing specific information about the witnesses' locations and the difficulty of travelling to Seattle, EHW is notably silent.

EHW's attempt to "negotiate" with Ballard by demanding its own 30(b)(6) deposition two business days before the cutoff and then rejecting Ballard's suggestion to schedule a hearing with the Court also weighs against EHW. If EHW truly believed it needed additional time to prepare for the deposition, the proper course would have been to suggest a date to Ballard and then request that the Court extend the cutoff. Instead, EHW bellicosely threatened to file a motion unless Ballard met its terms. This is not the best way to resolve a discovery dispute.

## CONCLUSION

For the above reasons, EHW's Motion for Protective Order [Dkt. #96] is DENIED. All parties have 21 calendar days from the date of this Order to conduct any remaining depositions.

IT IS SO ORDERED.

Dated this 1st day of April, 2019.

Ronald B. Leighton
United States District Judge